UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:24-cv-20573

CLAIMANT LTD.

        Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

        Defendants,

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, CLAIMAINT LTD.[1], by and through its undersigned counsel, brings this complaint against Defendants, The Individuals, Partnerships, And Unincorporated Associations Identified On Schedule "A" hereto (collectively "Defendants"), who are promoting, selling, offering for sale and distributing goods bearing confusingly similar imitations of Plaintiff's intellectual property within this district through various Internet based e-commerce stores using the seller identities as set forth on Schedule "A" hereto (the "Seller IDs"), and in support of its claims, alleges as follows:

### SUMMARY OF THE ACTION

---

[1] Since it is unknown when Plaintiff's forthcoming *Ex Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets will be ruled on, Plaintiff's name and other identifying information has been removed to prevent Defendants from getting advance notice. Counterfeiting and infringement lawsuits like this one are closely monitored by Chinese defendants on websites like www.sellerdefense.cn, social media (QQ, WeChat, etc.), and elsewhere on the internet. The www.sellerdefense.cn website and others warn infringers specifically of product types, brands, law firms filing cases, and other information necessary for defendants, like those named in this case, to evade Plaintiff's anti-pirating and anti-counterfeiting efforts and hide their ill-gotten gains. Plaintiff will file an Amended Complaint which identifies Plaintiff and provides additional information and allegations once the record is unsealed.

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

1. Plaintiff, CLAIMANT LTD. ("Claimant") brings this action for willful copyright infringement and piracy committed for purposes of commercial advantage or private financial gain by the reproduction or distribution, including by electronic means, of one or more copies of copyrighted works in violation of 17 U.S.C. §501, and for all the remedies available under the Copyright Act 17 U.S.C. § 101, *et seq.*

## SUBJECT MATTER JURISDICTION

2. This is an action arising under the Copyright Act, 17 U.S.C. §501.

3. This court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

## PERSONAL JURISDICTION

4. Defendants are subject to personal jurisdiction in this district because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the state of Florida and this district, through at least the internet-based e-commerce stores accessible in Florida and operating under their Seller IDs.

5. Defendants are subject to personal jurisdiction in this district because their illegal activities directed towards the state of Florida cause Plaintiff injury in Florida, and Plaintiff's claims arise out of those activities.

6. Alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

## VENUE

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are subject to the court's personal jurisdiction and not resident in the United States and therefore there is no district in which an action may otherwise be brought.

8. Venue is proper in this court pursuant to 28 U.S.C. §1400(a) because Defendants or their agent(s) are subject to the court's personal jurisdiction and therefore reside in this judicial district or may be found here.

## THE PLAINTIFF

9. Claimant Ltd. ("Claimant") is an exempt private company limited by shares, incorporated in 2018 in Singapore.

10. Claimant prints designs, apparel, and household items to be shipped worldwide to its customers. Claimant offers for sale and sells their products within the state of Florida, including this district, and throughout the United States.

11. Like many other intellectual property rights owners, Claimant suffers ongoing daily and sustained violations of its intellectual property rights at the hands of infringers, such as Defendants herein.

12. The recent explosion of infringement over the Internet has created an environment that requires companies like Plaintiff to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and itself from the ill effects of infringement of their intellectual property rights.

## PLAINTIFF'S COPYRIGHT

13. In 2017, Claimant commissioned Artist to create an original work of authorship. Artist created the digital artwork entitled "ANONYMOUS", which is shown below and hereto referred to as the "Work".[2]

14. At all times relevant, Claimant is the owner of all rights to the copyrighted Work.

15. Plaintiff registered the Work with the Register of Copyrights on September 26, 2023, Registration No. VA X-XXX-XXX. A true and correct copy of Plaintiff's copyright registration is attached hereto as **Exhibit 1.**[3]

16. Claimant advertises and sells the Work to be printed on a variety of products, including apparel such as t-shirts, dresses, hoodies, jackets and tights.

17. Plaintiff has never granted authorization to anyone to advertise, market, or promote unauthorized goods using Plaintiff's copyrighted Work.

## DEFENDANTS

18. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

19. Defendants are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions, redistribute products from the same or similar sources in those locations, and/or ship their goods from the same or similar sources in those locations to shipping and fulfillment centers within the United States to redistribute their products from those locations.

20. Defendants are engaged in business in Florida but have not appointed an agent for service of process.

---

[2] Omitted in initial filing. Plaintiff's Unredacted Complaint will include the Work.
[3] Omitted in initial filing. Plaintiff will file a Motion for Leave to file certain documents, including Exhibit 1, under seal.

21. Upon information and belief, Defendant have registered, established or purchased, and maintained their Seller IDs.

22. Defendants target their business activities toward consumers throughout the United States, including within this district, through the simultaneous operation of commercial Internet based e-commerce stores via the Internet marketplace websites under the Seller IDs.

23. Defendants have purposefully directed some portion of their illegal activities towards consumers in the state of Florida through the advertisement, offer to sell, sale, and/or shipment of infringing goods into the State.

24. Upon information and belief, Defendants may have engaged in fraudulent conduct with respect to the registration of the Seller IDs by providing false and/or misleading information to the Internet based e-commerce platforms or domain registrar where they offer to sell and/or sell during the registration or maintenance process related to their respective Seller IDs.

25. Upon information and belief, many Defendants registered and maintained their Seller IDs for the sole purpose of engaging in illegal activities.

26. Upon information and belief, Defendants will likely continue to register or acquire new seller identification aliases for the purpose of selling and offering for sale infringements of Plaintiff's intellectual property rights unless preliminarily and permanently enjoined.

27. Defendants use their Internet-based businesses to infringe the intellectual property rights of Plaintiff and others.

28. Defendants' business names, i.e., the Seller IDs, associated payment accounts, and any other alias seller identification names or e-commerce stores used in connection with the sale of goods bearing Plaintiff's copyright work, are essential components of Defendants' online

activities and are one of the means by which Defendants further their infringement scheme and cause harm to Plaintiff.

29. Defendants, through the sale and offer to sell infringing products, are directly, and unfairly, competing with Plaintiff's economic interests in the state of Florida and causing Plaintiff harm and damage within this jurisdiction.

30. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with Plaintiff's intellectual property rights and the destruction of the legitimate market sector in which it operates.

31. Upon information and belief, at all times relevant hereto, Defendants had actual or constructive knowledge of Plaintiff's intellectual property rights, including Plaintiff's exclusive right to use and license such intellectual property rights.

## JOINDER OF DEFENDANTS IN THIS ACTION IS PROPER

32. Defendants are the individuals, partnerships, and unincorporated associations set forth on Schedule "A" hereto.

33. Defendants are promoting, selling, offering for sale and distributing goods bearing identical and confusingly similar imitations of Plaintiff's intellectual property within this district.

34. Joinder of all Defendants are permissible based on the permissive party joinder rule of Fed. R. Civ. P. 20(a)(2) that permits the joinder of persons in an action as Defendants where any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all Defendants will arise in the action.

35. Joinder of the multiple Defendant listed in Schedule "A" attached hereto is permitted because Plaintiff asserts rights to relief against these Defendants jointly, severally, or

in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and common questions of law or fact will arise in the action.

36. Joinder of the multiple Defendants listed in Schedule "A" attached hereto serves the interests of convenience and judicial economy, which will lead to a just, speedy, and inexpensive resolution for Plaintiff, Defendant, and this Court.

37. Joinder of the multiple Defendants listed in Schedule "A" attached hereto will not create any unnecessary delay nor will it prejudice any party. On the other hand, severance is likely to cause delays and prejudice Plaintiff and Defendants alike.

38. Joinder of the multiple Defendants listed in Schedule "A" is procedural only and does not affect the substantive rights of any Defendant listed on Schedule "A" hereto.

39. This court has jurisdiction over the multiple Defendants listed in Schedule "A" hereto. Venue is proper in this court for this dispute involving the multiple Defendants listed in Schedule "A" hereto.

40. Plaintiff's claims against the multiple Defendants listed in Schedule "A" are all transactionally related.

41. Plaintiff is claiming copyright infringement against Defendants of Plaintiff's intellectual property rights.

42. All Defendants' actions are logically related. All Defendants are all engaging in the same systematic approach of establishing online storefronts to redistribute illegal products from the same or similar sources while maintaining financial accounts that the Defendants can easily conceal to avoid any real liability for their actions.

43. All Defendants undertake efforts to conceal their true identities from Plaintiff in order to avoid detection for their illegal activities.

44. All Defendants use payment and financial accounts associated with their online storefronts or the online platforms where their online storefronts reside.

45. All Defendants use their payment and financial accounts to accept, receive, and deposit profits from their illegal activities.

46. All Defendants can easily and quickly transfer or conceal their funds in their use payment and financial accounts to avoid detection and liability in the event that their efforts are discovered or Plaintiff obtains a monetary award.

47. All Defendants understand that their ability to profit through anonymous internet stores is enhanced as their numbers increase, even though they may not all engage in direct communication or coordination.

48. Many of the Defendants are operating multiple internet storefronts and online marketplace seller accounts using different Seller IDs listed on Schedule "A". As a result, there are more Seller IDs than there are Defendants, a fact that will emerge in discovery.

49. Defendants' business names, i.e., the Seller IDs, associated payment accounts, and any other alias seller identification names or e-commerce stores used in connection with the sale of infringements of Plaintiff's intellectual property rights are essential components of Defendants' online activities and are one of the means by which Defendants further their infringement scheme and cause harm to Plaintiff.

50. Defendants are using infringements of Plaintiff's intellectual property rights to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Plaintiff's legitimate marketplace and intellectual property rights at Plaintiff's expense.

51. Defendants, through the sale and offer to sell infringing products, are directly, and unfairly, competing with Plaintiff's economic interests in the state of Florida and causing Plaintiff harm and damage within this jurisdiction.

52. Upon information and belief, at all times relevant hereto, Defendants had actual or constructive knowledge of Plaintiff's intellectual property rights, including Plaintiff's exclusive right to use and license such intellectual property rights.

## DEFENDANTS' INFRINGING ACTIVITIES

53. Defendants are promoting, advertising, distributing, selling, and/or offering for sale goods bearing unauthorized copies of Plaintiff's Work in interstate commerce that are infringements of Plaintiff's intellectual property rights through at least the Internet based e-commerce stores operating under the Seller IDs.

54. At least one defendant is also using the listing and associated image identified by the Amazon Standard Identification Number ("ASIN") on Schedule "A" annexed hereto.

55. Defendants are using identical copies of Plaintiff's image for cheap quality goods.

56. Defendants advertise their e-commerce stores to the consuming public via e-commerce stores on, at least, one Internet marketplace website operating under, at least, the Seller IDs.

57. In so advertising their stores and products, Defendants improperly and unlawfully use the Work without Plaintiff's permission.

58. By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Plaintiff's genuine goods.

59. Defendants are causing individual, concurrent and indivisible harm to Plaintiff and the consuming public by (i) depriving Plaintiff and other third parties of their right to fairly

compete for space within search engine results and reducing the visibility of Plaintiff's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value associated with the image, and (iii) increasing Plaintiff's overall cost to market its goods and educate consumers via the Internet.

60. As a result, Defendants are defrauding Plaintiff and the consuming public for Defendants own benefit.

61. Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Plaintiff's ownership of the Work, including their exclusive right to use and license such intellectual property and the goodwill associated therewith.

62. Defendants' use of the Work, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their infringing goods, is without Plaintiff's consent or authorization.

63. Defendants are engaging in the above-described infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights for the purpose of trading on Plaintiff's intellectual property and reputation.

64. If Defendants' intentional infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

65. Defendants' infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during and after the time of purchase.

66. Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Plaintiff.

67. Plaintiff is suffering irreparable injury and has suffered substantial damages as a result of Defendants' unauthorized and infringing activities and its wrongful use of Plaintiff's intellectual property rights.

68. Plaintiff should not have any competition from Defendants because Plaintiff never authorized Defendants to use Plaintiff's copyright.

69. Plaintiff has no adequate remedy at law.

## COUNT I – COPYRIGHT INFRINGEMENT

70. Plaintiff incorporated the allegations of paragraphs 1 through 69 of this Complaint as if fully set forth herein.

71. Plaintiff has complied in all respects with the Copyright Act of the United States and all other laws governing copyright and secured the exclusive rights and privileges in and to the copyright at issue in this action.

72. Pursuant to 17 U.S.C. § 411 (a), Plaintiff has valid copyright ownership of the Work at issue in this action.

73. Pursuant to 17 U.S.C. §106, Plaintiff has the exclusive rights and privileges to reproduce, prepare derivative works, distribute copies, and import copies into the Unites States of Plaintiff's copyrighted Work.

74. Defendants directly infringed Plaintiff's exclusive rights in its copyright.

75. Defendants copied, displayed, and distributed Plaintiff's copyrighted work and/or prepared derivative works based upon Plaintiff's copyrighted works in violation of Plaintiff's exclusive rights under 17 U.S.C. §106.

76. Defendants' conduct constitutes willful and direct copyright infringement of Plaintiff's copyrighted works.

77. Defendants profited from the direct infringement of the exclusive rights of Plaintiff in the works at issue in this case under the Copyright Act.

78. On information and belief, defendants routinely and intentionally infringe the intellectual property rights of others, including but not limited to, acting with willful blindness and/or reckless disregard.

79. Plaintiff has been damaged by the infringement.

80. The harm to Plaintiff is irreparable.

81. Plaintiff is entitled to temporary and permanent injunctive relief from defendants' willful infringement.

82. As a direct and proximate result of Defendants' infringement of Plaintiff's exclusive rights, Plaintiff is entitled to actual damages and statutory damages, as well as Defendants' profits pursuant to 17 U.S.C. § 504(b) and (c).

83. Plaintiff is entitled to recover its reasonable costs and attorneys' fees incurred in this action.

WHEREFORE, Plaintiff demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendant as follows:

    a. Entry of temporary, preliminary, and permanent injunctions pursuant to 17 U.S.C.§ 502(a), and Federal Rule of Civil Procedure 65 enjoining defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell infringing goods; from infringing the Work; from using the Work, or

        any design similar thereto, in connection with the sale of any unauthorized goods; from using any reproduction, infringement, copy, or colorable imitation of the Work in connection with the publicity, promotion, sale, or advertising of any goods sold by defendants; and from otherwise unfairly competing with Plaintiff.

b.   Entry of a temporary restraining order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, enjoining defendants and all third parties with actual notice of the injunction issued by this Court from participating in, including providing financial services, technical services or other support to, defendants in connection with the sale and distribution of non- genuine goods bearing and/or using the Work.

c.   Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Plaintiff's request, the applicable governing Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by this Court disable and/or cease facilitating access to the Seller IDs and any other alias seller identification names being used and/or controlled by defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing infringements of the Work.

d.   Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that, upon Plaintiff's request, any

    messaging service and Internet marketplace website operators, administrators, registrar and/or top level domain (TLD) registry for the Seller IDs who are provided with notice of an injunction issued by this Court identify any e-mail address known to be associated with defendants' respective Seller IDs.

e. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court permanently remove from the multiple platforms, which include, inter alia, a direct platform, group platform, seller product management platform, vendor product management platform, and brand registry platform, any and all listings and associated images of goods bearing infringements of the Work via the ecommerce stores operating under the Seller IDs, including but not limited to the listings and associated images identified by the "parent" and/or "child" Amazon Standard Identification Numbers ("ASIN") on Schedule "A" annexed hereto, and upon Plaintiff's request, any other listings and images of goods bearing infringements of the Work associated with any ASIN linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by defendants to promote, offer for sale and/or sell goods bearing infringements of the Work.

f. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act and this Court's inherent authority that, upon Plaintiff's request, defendants and any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court immediately cease fulfillment of and sequester all goods of each Defendant bearing the Work in its inventory, possession, custody, or control, and surrender those goods to Plaintiff.

g. Entry of an Order requiring defendants to correct any erroneous impression the consuming public may have derived concerning the nature, characteristics, or qualities of their products, including without limitation, the placement of corrective advertising and providing written notice to the public.

h. Entry of an Order requiring defendants to account to and pay Plaintiff its actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §504.

i. Entry of an award, pursuant to 17 U.S.C. § 505, of Plaintiff's costs, disbursements, and reasonable attorneys' fees, associated with bringing this lawsuit.

j. Entry of an Order that, upon Plaintiff's request, defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and

including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs, or other alias seller identification or ecommerce store names used by defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s) and remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

k. Entry of an award of pre-judgment interest on the judgment amount.

l. Entry of an Order for any further relief as the Court may deem just and proper.

DATED: February 13, 2024　　　　　Respectfully submitted,

*/s/Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel@sriplaw.com
ANGELA M. NIEVES
Florida Bar Number: 1032760
angela.nieves@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Claimant Ltd.*