**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORDIA**
**MIAMI DIVISION**

**CASE NO.:  1:24-cv-20573**

CLAIMANT LTD.,

          Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A",

          Defendants.

**PLAINTIFF'S MOTION TO SEAL CERTAIN DOCUMENTS CONTAINING**
**IDENTIFYING INFORMATION ABOUT THE PARTIES**

Plaintiff CLAIMANT LTD., by and through its undersigned counsel, hereby moves this

Honorable Court for an order sealing certain documents containing identifying information about

the Parties, and as grounds therefore states as follows:

1.      This is a copyright infringement case.

2.      There is good cause to seal the documents that are the subject of this Motion to

Seal as set forth herein, and the requirements of Local Rule 5.4 have been met.

3.      Pursuant to S.D. Fla. L.R. 5.4(b)(1), Plaintiff moves this Court for an order

sealing the following documents:

(1) Unredacted Complaint and supporting exhibits;

(2) Schedule "A" to the Complaint;

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

(3) Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets and Incorporated Memorandum of Law;

(4) Declaration of Daniel Lachman in support of Plaintiff's Temporary Restraining Order, and Order Restraining Transfer of Assets and Incorporated Memorandum of Law, and supporting exhibit;

(5) Declaration of Joel B. Rothman in support of Plaintiff's Temporary Restraining Order, and Order Restraining Transfer of Assets and Incorporated Memorandum of Law and supporting exhibits.

4.      Here, good cause exists to keep the documents requested under seal from the public. Plaintiff has learned that Defendants are engaged in the promotion, advertisement, distribution, offering for sale, and sale of goods bearing or using copies, derivatives, and/or infringements of Plaintiff's intellectual property rights within this district, without authorization, through various Internet based e-commerce stores, and fully interactive, commercial Internet websites. Defendants' infringing activities are causing irreparable injury to Plaintiff and causing an overall degradation of the reputation and goodwill associated with Plaintiff's intellectual property.

5.      Moreover, these Defendants e-commerce stores are mostly, if not all, foreign Chinese sellers. Counterfeiting and infringement lawsuits like this one are closely monitored by Chinese defendants on websites like www.sellerdefense.cn, social media (QQ, WeChat, etc.), and elsewhere on the internet. Undersigned counsel's counterfeiting cases are among those that are flagged by counterfeiters who are warned to quickly drain their marketplace accounts, clean out their money transfer accounts, change their usernames, and hide their identities to avoid

being caught. See, e.g., "Sriplaw Law represents a personal illustrator, the case information is hidden, and the relevant sellers pay attention!" citing S.D. Fla. case No. 22-cv-60777 (Dimitrouleas, J.) filed by undersigned counsel, accessible at https://sellerdefense.cn/starla-michelle-0505/.

6.    The www.sellerdefense.cn website and others warn infringers specifically of product types, brands, law firms filing cases, and other information necessary for defendants, like those named in this case, to evade Plaintiff's anti-pirating efforts and hide their ill-gotten gains.

7.    Temporarily sealing these portions of the court file will prevent Defendants from prematurely receiving notice of Plaintiff's investigation into the operation of their illegal businesses. In light of the illicit nature of the infringing business and the ability of infringers to practically eliminate their evidentiary trails by conducting their business entirely over the Internet, Plaintiff has good reason to believe that providing advance notification of Plaintiff's claims would cause Defendants to hide or transfer their ill-gotten assets, inventory, and related records beyond the jurisdiction of this Court and thereby thwart the Court's ability to grant meaningful relief. Accordingly, Plaintiff is seeking ex parte relief in this action.

8.    As Defendants engage in illegal infringement activities, Plaintiff has no reason to believe Defendants will make their assets available for or will adhere to the authority of this Court any more than they have adhered to federal intellectual property laws.

9.    Plaintiff requests that the documents that are the subject of this Motion remain under seal until the Court has the opportunity to rule on Plaintiff's request for temporary ex parte relief and, if granted, the relief ordered therein has been effectuated. At that time, Plaintiff will

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

move to unseal and will make all pleadings and orders filed in this matter available to

Defendants.

WHEREFORE, Plaintiff respectfully prays that this Court enter an Order directing the

clerk of court to seal the following documents on filing:

(1) Unredacted Complaint and supporting exhibits;

(2) Schedule "A" to the Complaint;

(3) Plaintiffs' *Ex Parte* Application for Entry of Temporary Restraining Order,

Preliminary Injunction, and Order Restraining Transfer of Assets and

Incorporated Memorandum of Law;

(4) Declaration of Gabriel Seah in support of Plaintiff's TRO and supporting

exhibit;

(5) Declaration of Joel B. Rothman in support of Plaintiff's TRO and supporting

exhibits.

DATED: February 14, 2024                    Respectfully submitted,


*/s/Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel@sriplaw.com
ANGELA M. NIEVES
Florida Bar Number: 1032760
angela.nieves@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Claimant LTD.*

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK