# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### CASE NO.: 1:24-cv-20573

CLAIMANT, LTD.,

        Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

        Defendant.

## DECLARATION OF JOEL B. ROTHMAN IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR AN ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS

I, Joel B. Rothman, declare and say:

    1.    I am an attorney for Plaintiff, CLAIMAINT, LTD[1] ("Plaintiff") in the above captioned action.

    2.    I submit this Declaration in support of Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process (the "Motion for Alternate Service") on Defendants, The Individuals, Partnerships, And Unincorporated Associations Identified on Schedule "A" to the Complaint in this action (collectively, "Defendant").

    3.    I am personally knowledgeable of the matters set forth in this Declaration and, if called upon to do so, I could and would competently testify to the following facts set forth below.

---

[1] The Plaintiff's real name has been obscured until the unsealing of this case proceedings.

4. Plaintiff is moving for alternate service *Ex Parte* as Plaintiff has yet to provide Defendant with notice of this action.

5. Plaintiff filed its *Ex Parte* application for Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets ("Application for TRO"), which is currently pending before the Court. I hereby incorporate by reference all factual allegations contained in my Declaration filed in support of Plaintiff's Application for TRO.

6. The instant Motion makes reference to Plaintiff's Application for TRO, and as such, Plaintiff's seeks to prevent premature disclosure of that filing. However, Plaintiff is filing this Motion so that, in the event Plaintiff's Application for TRO and the instant motion are granted, Plaintiff can effectuate service of process pursuant to Fed. R. Civ. P. Rule 4 simultaneously with providing notice of the Court's order on Plaintiff's Application for TRO.

7. All the Defendants use non-party internet marketplace platforms to support and drive consumer traffic to their counterfeiting operations: Amazon.com, eBay.com, Etsy.com, Redbubble.com, Walmart.com, and others. Defendants use these platforms to sell Infringing Products from foreign countries such as China to consumers in the United States. Defendants use Internet based e- commerce stores operating under their respective seller identification names at these platforms as identified on Schedule "A" hereto (the "Seller IDs").

8. All the Defendants are required to provide contact information, including at least an email address, to the non-party internet marketplace platforms in order to maintain contact, obtain information and receive payments from the third-party platforms for sales made on those platforms. Defendants also must provide an email address by which customers may contact the merchants to ask questions about the merchants' products, place orders from the merchants, and receive information from the merchants regarding the shipments of orders. In the Plaintiffs'

application for temporary restraining order, Plaintiffs will request that the court order the non-party internet marketplace platforms to disclose the identities of Defendants including their email addresses to the Plaintiffs so that those email addresses can be used to notify the Defendants.

9. I know from multiple past actions that all online marketplaces have systems for electronic communication between the marketplaces and the sellers on the marketplaces. I also know from multiple past actions that all online marketplaces require sellers to have an active email address in order to sell on the marketplace platform in order to communicate with the marketplace and with purchasers. As a result, electronic mail is the most effective way in my experience to communicate with sellers on online marketplaces. This applies regardless of the marketplace and includes all the major marketplaces such as Amazon.com, eBay.com, Walmart.com, Etsy.com, and many others.

10. In my experience, infringers, such as Defendants, do not disclose their real locations or true identities. This is especially true for infringers who sell infringing products through online marketplaces like Amazon.com and Walmart.com. For example, the marketplaces through which Defendants sell their products do not provide a physical address or phone number. Rather, they only provide an e-mail address for the purpose of communicating with the marketplace itself or the consumer.

11. As a practical matter, it is necessary for merchants who operate entirely online, such as Defendants, to provide customers with a valid electronic means by which customers may contact the merchants to ask questions about the merchants' products, place orders from the merchants, and receive information from the merchants regarding the shipments of orders. Defendants have structured their internet e-commerce store business so that the means for customers to purchase Defendants' infringing goods at issue is by placing an order electronically.

Defendants take and confirm orders online and rely on electronic means to receive payment and communicate with the online marketplaces.

12. Each Defendant will be provided with notice of this action electronically by providing the address to Plaintiff's notice website to their corresponding e-mail addresses, customer service e-mail addresses and/or onsite contact forms or via the e-commerce marketplace platforms that Defendant use to conduct their commercial transactions via the Seller IDs. In this manner, Defendants will receive a web address at which they can access all electronic filings to view, print, or download any document filed in the case similar to the court's CM/ECF procedures.

13. Plaintiff will additionally notify Defendants of this action via website posting. Plaintiff has created a website for notice and will be posting copies of the complaint, the Application for TRO, and all other pleadings, documents, and orders on file in this action on its designated website located at [www.sriplaw.com/notice](www.sriplaw.com/notice) ("Plaintiff's Website"), such that anyone accessing Plaintiff's Website will find copies of all documents filed in this action. The address for Plaintiff's Website will be provided to Defendants via its known e-mail accounts and will be included as part of service of process in this matter.

14. I have good cause to believe that the majority of Defendants are residing and/or operating from the People's Republic of China ("China") or other foreign countries and/or redistribute products from sources in those locations. Plaintiff has investigated Defendants and determined its illegal operations are most likely based in and/or shipping from China or other foreign jurisdictions. Plaintiff's investigation looked at multiple connection data points, such as information contained on Defendants' actual e-commerce stores and websites operating under its respective Seller IDs, payment and shipping information, and the investigative data provided

thereunder. Thus, Plaintiff has good cause to believe Defendants are not residents of the United States.

15. I reviewed the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention"), to which the United States and China are signatories. China has declared that it opposes the service of documents in their territory by the alternative means of service outlined in Article 10 of the Hague Convention, including the service of process by postal channels. However, the Hague Convention does not preclude service by e-mail or website publication, and the declarations to the Hague Convention filed by China does not expressly prohibit e-mail service website publication. A true and correct copy of the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters and a list of the signatory Members are attached hereto as Exhibit 1. Thus, there are no international agreements prohibiting service by e- mail or website posting.

I declare under perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 23, 2024.

/s/ *Joel B. Rothman*
JOEL B. ROTHMAN