UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-20573-RAR

G&S PRINTS PTE. LTD.,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

### ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS

**THIS CAUSE** comes before the Court on Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants pursuant to Fed. R. Civ. P. Rule 4(f)(3) ("Motion"), [ECF No. 11]. For the reasons stated herein, the Motion is **GRANTED**.

This is a federal copyright infringement case in which Plaintiff alleges that Defendants, through e-commerce stores, are advertising, promoting, offering for sale, or selling goods bearing or using what Plaintiff has determined to be infringements of Plaintiff's copyrighted work. In the Motion, Plaintiff requests an Order Authorizing Service of Process on Defendants by e-mail and website posting and Plaintiff contends that electronic service by these means is sufficient to provide notice to Defendants, who reside in or operate from the People's Republic of China ("China"), or other foreign countries and have established Internet-based businesses and utilize electronic means as reliable forms of contact. Rothman Decl., [ECF No. 11-1], ¶ 14.

### LEGAL STANDARD

Federal Rule of Civil Procedure 4(f)(3) permits a district court to order an alternate method for service to be effectuated upon foreign defendants, provided it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. *See Brookshire Bros. v.*

*Chiquita Brands Int'l, Inc.,* No. 05-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)).

"Constitutional due process requires only that service of process provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Chanel, Inc. v. Zhixian,* No. 10-60585, 2010 WL 1740695, at *3 (S.D. Fla. Apr. 29, 2010) (citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)). "A party seeking authorization for alternate service under Rule 4(f)(3) need not attempt service by those methods enumerated under subsections (f)(1) and (f)(2), including by diplomatic channels and letters rogatory, before petitioning the Court for 4(f)(3) relief." *Sec. & Exch. Comm'n v. Palm House Hotel, LLP*, No. 18-81038, 2018 WL 9849603, at *1–2 (S.D. Fla. Nov. 7, 2018) (citation omitted). "The decision to accept or deny service by alternate means pursuant to Rule 4(f)(3) falls soundly within the discretion of the district court." *Id.*

## ANALYSIS

Here, service by e-mail and web publication are not prohibited by international agreement. The United States and China are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"). *See* Status Table: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (listing current contracting states).

The Hague Service Convention does not specifically preclude service by e-mail and Internet publication. Further, "[w]here a signatory nation has objected to the alternative means of

service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e- mail or publication." *Karsten Mfg. Corp. v. Store*, No. 18-61624, 2018 WL 8060707, at *1 (S.D. Fla. July 26, 2018) (citation omitted).

"A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where a signatory nation has not expressly objected to those means." *Id*. China has not objected to service by e-mail or Internet publication. While China has declared that it opposes the service of documents in its territory by the alternative means of service outlined in Article 10 of the Convention, including the service of process by postal channels, it has not expressly objected to service via e-mail or publication. Accordingly, service by these means do not violate an international agreement.

Additionally, due process is not offended. Defendants have at least one known and valid form of electronic contact and Plaintiff has created a website for the sole purpose of providing notice of this action to Defendants. The address to this website will be provided to Defendants through their known e-mail accounts and onsite contact forms embedded in Defendants' respective e-commerce stores or websites.

Service by e-mail and website posting is therefore reasonably calculated, under all circumstances, to apprise Defendants of the pendency of the action and afford them an opportunity to present their objections. Moreover, these are the most likely means of communication to reach Defendants, who operate via the Internet and rely on electronic communications for the operation of their businesses. *See Tiffany (NJ) LLC v. DORAPANG Franchise Store,* No. 18-61590, 2018 WL 4828430, at *3 (S.D. Fla. July 17, 2018). Thus, the Court will exercise its discretion to allow service on Defendants through e-mail and website posting.

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Motion is **GRANTED**. Plaintiff is permitted to serve the Summons, Complaint, and all other filings and discovery in this matter upon each Defendant by:

a) Providing the address to Plaintiff's designated website to Defendants via the e-mail accounts provided by each Defendant as part of the data related to its e-commerce store, including customer service e-mail addresses and onsite contact forms, or by the e-commerce platform e-mail for each of the e-commerce stores; and

b) Publicly posting a copy of the Summons, Complaint, and all filings in this matter on Plaintiff's designated website appearing at www.sriplaw.com/notice.

**DONE AND ORDERED** in Miami, Florida, this 26th day of February, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**