UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-20573-RAR

**G&S PRINTS PTE. LTD.**,

    Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"**,

    Defendants.

## ORDER GRANTING MOTION FOR ENTRY OF FINAL JUDGMENT BY DEFAULT

**THIS CAUSE** comes before the Court upon Plaintiff G&S PRINTS PTE. LTD.'s Motion for Entry of Final Judgment by Default as to Certain Defendants Identified on Schedule "A" and Incorporated Memorandum of Law ("Motion"), filed on May 22, 2024, [ECF No. 89]. A Clerk's Default was entered against Defendants listed in Schedule "A" to the Complaint as numbered 2, 7, 9, 10, 11, 14, 15, 16, 18, 22, 23, 27, 30, 31, 33, 35, 36, 38, 39, 40, 41, 42, 45, 46, 47, 48, 49, 50, 51, 53, 56, 58, 59, 60, 68, 69, 70, 71, 72, 73 ("Defaulting Defendants").[1] [ECF No. 87]. Defaulting Defendants failed to appear, answer, or otherwise plead to the Complaint, [ECF No. 9-1], despite having been served. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, Plaintiff's Motion, [ECF No. 89], is **GRANTED**.

---

[1] Since the filing of the Clerk's Entry of Default, [ECF No. 87], Plaintiff has dismissed Defendant No. 58. [ECF No. 90–91].

## INTRODUCTION

Plaintiff sued Defendants for copyright infringement under the Copyright Act, 17 U.S.C. §§ 106(1), (2), (5) & 501. The Complaint alleges that Defendants are promoting, selling, offering for sale and distributing goods bearing identical or confusingly similar imitations of Plaintiff's copyrighted Work within the Southern District of Florida by operating the Defendants' Internet based e-commerce stores operating under each of the Seller IDs identified on Schedule "A" attached to Plaintiff's Motion for Entry of Final Default Judgment (the "Seller IDs"). Compl. at 1.

Plaintiff further asserts that Defendants' unlawful activities have caused and will continue to cause irreparable injury to Plaintiff because Defendants have (i) deprived Plaintiff of his right to fairly compete for space within search engine results and reducing the visibility of Plaintiff's genuine goods on the World Wide Web, (ii) caused an overall degradation of the value associated with the image, (iii) increased Plaintiff's overall cost to market its goods and educate consumers via the Internet; and (iv) defrauded Plaintiff and the consuming public for Defendants' own benefit. Compl. ¶ 59. In its Motion, Plaintiff seeks the entry of default final judgment against Defendants in an action alleging infringement of copyright. Mot. at 2. Plaintiff further requests that the Court (1) enjoin Defendants' unlawful use of Plaintiff's copyrighted works; (2) award Plaintiff damages; and (3) instruct any third-party financial institutions in possession of any funds restrained or held on behalf of Defendants to transfer these funds to the Plaintiff in partial satisfaction of the award of damages. *Id.*

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. "A

'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F. 3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975)); *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). "Because a defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the Court must first determine whether there is a sufficient basis in the pleading for judgment to be entered." *Luxottica Group S.p.A. v. Individual, P'ship or Unincorporated Ass'n*, 17-61471, 2017 WL 6949260, at *2 (S.D. Fla. Oct. 3, 2017); *see also Buchanan*, 820 F.2d at 361 ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default.").

If there are multiple defendants, the plaintiff must state in the Motion for Default Final Judgment that there are no allegations of joint and several liability and set forth the basis why there is no possibility of inconsistent liability. *See Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984). Generally, if one defaulting defendant is alleged to be jointly and severally liable with other defendants, judgment should not be entered against that defendant until the matter is adjudicated against the remaining defendants. *See* 10A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2690 (3d ed. 1998) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("[A] final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.")). "Even when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans, Inc.*, 740 F.2d at 1512.

Here, Plaintiff has stated in its Motion that there are no allegations of joint and several liability with respect to damages. Mot. at 3. The Defendants remaining in the case have not appeared and have defaulted. Therefore, there is no possibility of inconsistent liability between the Defaulting Defendants and an adjudication may be entered. The Court thus finds there is a sufficient basis in the record for a default judgment to be entered with respect to the defaulting Defendants.

**FACTUAL BACKGROUND**[2]

Plaintiff is the owner of artwork entitled "Wolf Mates X" (the "Work"). Plaintiff registered the Work and was issued Registration No. VA 2-363-634. Compl. ¶¶ 13–15. Plaintiff has never granted authorization to anyone to advertise, market or promote unauthorized goods using Plaintiff's copyrighted Work. Compl. ¶ 18.

Defendants, through the various Internet based e-commerce stores operating under each of the Seller IDs identified on Schedule "A" hereto (the "Seller IDs") are promoting, selling, offering for sale, and distributing goods bearing identical or confusingly similar imitations of Plaintiff's Work. Compl. ¶ 35. Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or distribute the copyrighted Work. Compl. ¶ 18.

As part of its ongoing investigation regarding the sale of infringing products, G&S has an anticounterfeiting program that regularly investigates suspicious websites and online marketplace listings identified in proactive Internet sweeps and reported by consumers. Declaration of Seah Chun Tech Gabriel ("Gabriel Decl."), [ECF No. 10-1], ¶¶ 20–21. These investigations have established that Defendants are using the various webstores on platforms such as Amazon.com, eBay.com, Etsy.com, Redbubble.com, Walmart.com, and others to sell infringing products from

---

[2] The factual background is taken from Plaintiff's Complaint, [ECF No. 1], Plaintiff's Motion for Entry of Final Default Judgment, and supporting evidentiary submissions.

foreign countries such as China to consumers in the United States. Plaintiff, or its authorized agents, accessed Defendants' Internet based e-commerce stores operating under their respective Seller ID names through Amazon.com, eBay.com, Etsy.com Redbubble.com, Walmart.com, and others. *Id.*

Upon accessing each of the e-commerce stores, Plaintiff viewed the infringing products using Plaintiff's Copyrighted Work, added products to the online shopping cart, proceeded to a point of checkout, and otherwise actively exchanged data with each e-commerce store. *Id.* ¶ 24. Plaintiff captured detailed web pages for each Defendant store. *Id.* ¶ 25. A representative for Plaintiff personally analyzed the items wherein orders were initiated via each of the Seller IDs by reviewing the e-commerce stores operating under each of the Seller IDs, or the detailed web page captures and images of the items bearing the Plaintiff's copyrighted Work, and concluded the products were non-genuine. *Id.* ¶ 27.

## ANALYSIS

### A. Copyright Claim

To prevail on a claim of direct infringement of copyright pursuant to the Copyright Act, 17 U.S.C. §§ 106(1), (2) and (5), Plaintiff must "satisfy two requirements to present a prima facie case of direct copyright infringement: (1) they must show ownership of the allegedly infringed material, and (2) they must demonstrate that the alleged infringers violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001); *see also Disney Enters. v. Hotfile Corp.*, No. 11-20427, 2013 U.S. Dist. LEXIS 172339, at *94 (S.D. Fla. 2013).

### B. Liability

Here, the well-pled factual allegations of Plaintiff's Complaint properly allege the elements for each of the claims described above. Moreover, the factual allegations in Plaintiff's Complaint have been substantiated by sworn declarations and other evidence and establish Defendants' liability under the claim asserted in the Complaint. Accordingly, entry of default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate.

### C. Injunctive Relief

Pursuant to 17 U.S.C. § 502(a), "[a]ny court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502. Injunctions are regularly issued pursuant to section 502 because "the public interest is the interest in upholding copyright protections." *Arista Records, Inc. v. Beker Enterprises, Inc.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003).

Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006). Plaintiff has carried its burden on each of the four factors. Accordingly, permanent injunctive relief is appropriate.

Plaintiff has no adequate remedy at law so long as Defaulting Defendants continue to operate the Seller IDs because Plaintiff cannot control the quality of what appears to be its work in the marketplace. An award of monetary damages alone will not cure the injury to Plaintiff's reputation and goodwill that will result if Defendants' infringing actions are allowed to continue. Moreover, Plaintiff faces hardship from loss of sales and its inability to control its reputation in

the marketplace. By contrast, Defendants face no hardship if they are prohibited from the infringement of Plaintiff's copyrights, which are illegal acts.

Finally, the public interest supports the issuance of a permanent injunction against Defendants to prevent consumers from being misled by Defendants' counterfeit products and piracy. *See Nike, Inc. v. Leslie*, No. 85–960 Civ–T–15, 1985 WL 5251, at *1 (M.D. Fla. June 24, 1985) ("(A)n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior."). The Court's broad equity powers allow it to fashion injunctive relief necessary to stop Defendants' infringing activities. *See, e.g., Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad . . .) (citation and internal quotation marks omitted); *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole.").

Defendants have created an Internet-based infringement scheme in which they are profiting from their deliberate misappropriation of Plaintiff's rights. Unless the listings and images are permanently removed, and the infringing goods destroyed, Defaulting Defendants will be free to continue infringing Plaintiff's intellectual property with impunity and will continue to defraud the public with their illegal activities. Therefore, the Court will enter a permanent injunction ordering all listings and associated images of goods bearing identical or confusingly similar imitations of Plaintiff's copyrighted Work be permanently removed from Defendants' internet stores by the applicable internet marketplace platforms, and all infringing goods in Defendants' inventories in the possession of the applicable internet marketplace platforms destroyed.

### D. Statutory Damages for Willful Copyright Infringement

Under 17 U.S.C. § 504, Plaintiff is entitled to recover either the actual damages suffered as a result of the infringement plus Defendants' additional profits, or statutory damages. Actual damages are "often measured by the revenue that the plaintiff lost as a result of the infringement, which includes lost sales, lost opportunities to license, or diminution in the value of the copyright." *Lorentz v. Sunshine Health Prods.*, No. 09-61529, 2010 U.S. Dist. LEXIS 148752, at *12 (S.D. Fla. Sep. 7, 2010). Here, however, Defendants, who have not appeared, control all the necessary information for a calculation of relief under § 504(b). As a result, Plaintiff cannot calculate an amount recoverable pursuant to 17 U.S.C. § 504(b). Instead, Plaintiff seeks an award of statutory damages for Defendants' willful infringement of Plaintiff's copyrighted Work under 17 U.S.C. § 504(c).

The Court has wide discretion to determine the amount of statutory damages. *See PetMed Express, Inc.*, 336 F. Supp. 2d 1213, 1219 (S.D. Fla. 2004) (citing *Cable/Home Commc'n Corp. v. Network Prod., Inc.,* 902 F.2d 829, 852 (11th Cir. 1990)). An award of statutory damages is appropriate despite a Plaintiff's inability to prove actual damages caused by a defendant's infringement. *Under Armour, Inc. v. 51nfljersey.com*, No. 13-62809, 2014 U.S. Dist. LEXIS 56475, at *22-*23 (S.D. Fla. Apr. 23, 2014) (citing *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006) ("[A] successful plaintiff in a trademark infringement case is entitled to recover enhanced statutory damages even where its actual damages are nominal or non-existent.")); *Playboy Enter., Inc. v. Universal Tel-A-Talk, Inc.,* No. CIV.A. 96-6961, 1998 WL 767440, at *8 (E.D. Pa. Nov. 3, 1998) (awarding statutory damages where plaintiff failed to prove actual damages or profits).

This Court may award statutory damages "without holding an evidentiary hearing based upon affidavits and other documentary evidence if the facts are not disputed." *Perry Ellis Int'l, Inc. v. URI Corp.*, No. 06-22020, 2007 WL 3047143, at *1 (S.D. Fla. Oct. 18, 2007). An evidentiary hearing is not necessary where there is sufficient evidence on the record to support the request for damages. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record.") (citations omitted); *see also PetMed Express*, 336 F. Supp. 2d at 1223 (entering default judgment, permanent injunction, and statutory damages in a Lanham Act case without a hearing).

The allegations in the Complaint, which are taken as true, establish that Defendants listed as copyright infringers in Exhibit 1 to the Motion intentionally infringed Plaintiff's copyrighted Work for the purpose of advertising, marketing, and selling their infringing products. Plaintiff suggests the Court award $100,000 per Work for willful infringement. This award is within the statutory range for a willful violation, and is sufficient to compensate Plaintiff, punish the Defendants, and deter Defendants and others from continuing to infringe Plaintiff's copyrights.

## **CONCLUSION**

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, [ECF No. 89], is **GRANTED** with respect to Defendants listed in the attached Schedule "A" to the Complaint as 2, 7, 9, 10, 11, 14, 15, 16, 18, 22, 23, 27, 30, 31, 33, 35, 36, 38, 39, 40, 41, 42, 45, 46, 47, 48, 49, 50, 51, 53, 56, 59, 60, 68, 69, 70, 71, 72, 73. Final Default Judgment will be entered by separate order.

**DONE AND ORDERED** in Miami, Florida, this 2nd day of August, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**